**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 14-4252**

---

UNITED STATES OF AMERICA,

           Plaintiff - Appellee,

      v.

LEE RONDELL RICHARDSON, a/k/a Lee Rondell Jones, a/k/a Porky,

           Defendant - Appellant.

---

**No. 14-4267**

---

UNITED STATES OF AMERICA,

           Plaintiff - Appellee,

      v.

LEE RONDELL JONES,

           Defendant - Appellant.

---

Appeals from the United States District Court for the Eastern District of Virginia, at Newport News.  Henry Coke Morgan, Jr., Senior District Judge.  (4:13-cr-00071-HCM-LRL-1; 4:01-cr-00074-HCM-1)

---

Submitted:  October 21, 2014      Decided:  October 23, 2014

---

Before SHEDD, DUNCAN, and FLOYD, Circuit Judges.

———————————

Affirmed by unpublished per curiam opinion.

———————————

Michael S. Nachmanoff, Federal Public Defender, Patrick L. Bryant, Appellate Attorney, Larry M. Dash, Assistant Federal Public Defender, Alexandria, Virginia, for Appellant. Robert Edward Bradenham, II, Assistant United States Attorney, Newport News, Virginia, Kelly Kathleen Pearson, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In these consolidated appeals, Lee Rondell Richardson, a/k/a/ Lee Rondell Jones,[1] appeals his jury conviction and ninety-six-month sentence for one count of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2012), as well as the revocation of his supervised release and twenty-four-month term of imprisonment. Appellate counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), in each appeal. In the felon-in-possession case, counsel questions whether there was sufficient evidence to prove Richardson constructively possessed the firearm. In the supervised release revocation case, counsel questions whether the district court abused its discretion in running the supervised release revocation sentence consecutive to the felon-in-possession sentence. Counsel concludes, however, that there are no meritorious issues in either appeal. Richardson filed a pro se supplemental brief raising several challenges, including questioning the sufficiency of the evidence for his felon-in-possession conviction. Finding no error, we affirm.

We review the denial of a Fed. R. Crim. P. 29 motion de novo. See United States v. Cloud, 680 F.3d 396, 403 (4th

---

[1] Although the Appellant's names in these appeals are different, both refer to the same individual, to whom we refer as "Richardson."

3

Cir. 2012). When a Rule 29 motion was based on a claim of insufficient evidence, the jury's verdict must be sustained "if there is substantial evidence, taking the view most favorable to the Government, to support it." United States v. Abu Ali, 528 F.3d 210, 244 (4th Cir. 2008) (internal quotation marks omitted). Substantial evidence is "evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." United States v. King, 628 F.3d 693, 700 (4th Cir. 2011) (internal quotation marks omitted).

In resolving issues of substantial evidence, this court does not reweigh the evidence or reassess the factfinder's determination of witness credibility, and it must assume that the jury resolved all contradictions in testimony in favor of the Government. See United States v. Roe, 606 F.3d 180, 186 (4th Cir. 2010). Thus, a defendant challenging the sufficiency of the evidence faces a heavy burden. See United States v. Beidler, 110 F.3d 1064, 1067 (4th Cir. 1997). To establish a § 922(g)(1) violation, the Government was required to prove that: (i) Richardson was a convicted felon at the time of the offense; (ii) he voluntarily and intentionally possessed a firearm; and (iii) the firearm traveled in interstate commerce at some point. United States v. Gallimore, 247 F.3d 134, 136 (4th Cir. 2001). We have reviewed the record and have

4

considered Richardson's arguments and conclude that the Government produced sufficient evidence to support the jury's conviction. Accordingly, we affirm Richardson's conviction.

We also find no error in the district court decision to reject Richardson's request that his revocation sentence run at least partially concurrent to his felon-in-possession sentence. Sentences for breaches of supervised release are meant to sanction the abuse of the court's trust inherent in those violations, and not to punish the underlying offense conduct. Therefore, these sentences are intended to run consecutively to other sentences. Thus, "[a]ny term of imprisonment imposed upon the revocation of probation or supervised release shall be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving, whether or not the sentence of imprisonment being served resulted from the conduct that is the basis of the revocation of probation or supervised release." U.S. Sentencing Guidelines Manual § 7B1.3(f) (2013). Accordingly, it was not error for the district court to run Richardson's supervised release revocation sentence consecutive to his felon-in-possession sentence.

In accordance with <u>Anders</u>, we have reviewed the record in these cases and have found no meritorious issues for appeal.[2] We therefore affirm the judgment of the district court as to the felon-in-possession conviction and sentence in Appeal No. 14-4252, and affirm the judgment revoking supervised release and imposing a twenty-four-month consecutive sentence in Appeal No. 14-4267. This court requires that counsel inform Richardson, in writing, of the right to petition the Supreme Court of the United States for further review. If Richardson requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Richardson. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

---

[2] We have considered the arguments raised by Richardson in his pro se supplemental brief and find them to be without merit.